| **Peck v Chung** |
|:---:|
| 2026 NY Slip Op 30757(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805430/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**

*Justice*

--------------------------------------------------------------------------------X

ROBERT PECK and SHARI SVENINGSON,

Plaintiff,

- v -

SUSIE CHUNG, M.D., SUSIE CHUNG, M.D., P.C.,
MAURICE RACHKO, M.D., MOUNT SINAI DOCTORS,
MOUNT SINAI MEDICAL CENTER, also known as MOUNT
SINAI HEALTH SYSTEM,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 805430/2023 |
| MOTION DATE | 12/19/2025 12/19/2025 |
| MOTION SEQ. NO. | 002, 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 74, 75, 76, 77, 78, 79, 80, 81, 82, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 127, 129, 131, 133, 135, 137, 139, 141, 142, 145, 148

were read on this motion to/for                   DISCOVERY/X-MOTION DISCOVERY                   .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 122, 123, 124, 125, 126, 128, 130, 132, 134, 136, 138, 140, 143, 144, 146, 149

were read on this motion to/for                        DISCOVERY                        .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, pursuant to Public Health Law § 2801-d for purported violations of statutes and regulations governing nursing homes, and for loss of consortium, the plaintiffs move pursuant to 3101 and 3120 to compel the defendants Susie Chung, M.D., and Susie Chung, M.D., P.C. (the Chung defendants), to produce the complete provider note audit log referable to the medical records of the plaintiff Robert Peck from 2014 through 2023, in native Excel format, including all timestamps, revision history detail, and all chart components, a complete extracted audit trail for the same period in native Excel format, with timestamps and revision history, a content revision history report for all office visit notes from 2014 through 2023, and screenshots of the original source underlying the allegedly unusable "Audit Trail Database"

[* 1]

file that Chung had produced on May 30, 2025 (MOT SEQ 002). In the alternative, they request permission to allow their information technology expert, Saira Pasha, M.D., to conduct an in-person inspection of the electronic medical records reporting database of the nonparty CureMD for the purpose of obtaining that information. Chung opposes the motion. In papers incorrectly denominated as a cross motion, the plaintiffs also moved under Motion Sequence 002 pursuant to CPLR 3101(a)(4) to compel CureMD to generate a new, complete, unmodified provider note audit trail, a new, complete, unmodified extracted audit trail, and the corresponding content revision history, or, alternatively, authorizing a two-hour inspection by Pasha of relevant metadata, as requested in the initial motion, as well as to compel the Chung defendants to accept a corrected expert affirmation from Pasha. The plaintiffs corrected that procedural error by separately moving for the same relief under Motion Sequence 003. Chung opposed that motion only to the extent that she objected to the plaintiffs' request that the Chung defendants bear the costs of any regeneration or inspection costs.

The plaintiffs' motion pending under Motion Sequence 002 is granted to the extent that the Chung defendants must (a) forward, to the plaintiffs' attorneys, the extracted audit trail and provider note log files in XLSX format, and the audit trail database file in RAR format, which were the formats in which CureMD had forwarded those files to the Chung defendants' attorney, and (b) provide all assistance necessary to permit the plaintiffs to obtain appropriate records directly from CureMD pursuant to this court's so-ordered subpoena, such as any required authorizations or signatures. The motion is otherwise denied, since the Chung defendants have demonstrated that they do not have possession of the records maintained by CureMD in the format requested by the plaintiffs, and have no control over the technical management of those records, while the court has no jurisdiction to compel nonparty CureMD to permit the plaintiffs' expert to review their computer files. The request for relief made in connection with the incorrectly denominated cross motion made under Motion Sequence 002 is denied as superseded by the motion pending under Motion Sequence 003. The plaintiffs' motion pending

805430/2023   PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL                                    Page 2 of 10
Motion No.  002 003

2 of 10

[* 2]

under Motion Sequence 003 is denied, inasmuch as the court had no jurisdiction, at the time the motion was made, to compel nonparty CureMD to respond to discovery demands or generate computer records not already in its possession, and, in any event. the substantive relief sought against CureMD has been rendered academic by the court's issuance of a so-ordered subpoena addressed to CureMD on February 19, 2026. Moreover, the court discerns no basis upon which to shift, to the Chung defendants, the costs of any inspection of CureMD's records undertaken by the plaintiffs' expert, or the costs of the regeneration of those records,.

On February 14, 2025, the plaintiffs moved to compel the Chung defendants to produce an audit trail and metadata referable to the records that those defendants generated in connection with their treatment of the plaintiff Peck (MOT SEQ 001). In an order dated and entered April 14, 2025, this court granted the motion only to the extent of permitting the plaintiffs to depose Chung and take a limited deposition of a person employed by or affiliated with the Chung defendants who managed and had knowledge of information technology and recordkeeping referable to the generation, accessing, and tracking of access to and amendments of those defendants' electronic medical records. That motion was otherwise denied, without prejudice to renewal, after the plaintiffs had taken the depositions of the Chung defendants and that witness, and upon a showing that the depositions did not yield sufficient information concerning the integrity and veracity of those records. In a status conference order dated April 23, 2025, however, this court modified the April 14, 2025 order by deleting the first decretal paragraph thereof, and substituting therefor the words "ORDERED that the motion is granted, and, on or before May 28, 2025, the defendants Susie Chung, M.D., and Susie Chung, M.D., P.C., shall produce an audit trail and metadata referable to the electronic medical records of Robert Peck." In that status conference order, the court further noted that "the plaintiff stipulates to bear the reasonable expenses of the audit trail."

In response to the April 23, 2025 status conference order, the Chung defendants, on May 30, 2025, produced an 86-page copy of the extracted audit trail in PDF format, a 32-page

805430/2023  PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL
Motion No.  002 003

Page 3 of 10

3 of 10

copy of the provider note log in PDF format, and a 192-page audit trail database in PDF format, the latter apparently consisting of lines of computer code or other random typographical characters. According to the plaintiffs, the audit trail database was unreadable, none of the documents that the Chung defendants produced was in native Excel spreadsheet format, there was no certification, and timestamps were missing or replaced by values denominated as "NULL." The plaintiffs contended that, between June 11, 2025 and June 18, 2025, they repeatedly contacted the defendants' attorneys with detailed descriptions of alleged deficiencies in that production. At her August 7, 2025 deposition, Chung herself testified that she made "no changes of substance" to the records, asserting that she only corrected "typos" and "dates" that had been included therein.

In support of their motion pending under Motion Sequence 002, the plaintiffs submitted Pasha's expert affirmation, in which she opined that her review of the relevant metadata confirmed that all three files were not created by CureMD, but by a paralegal employed by the Chung defendants' attorneys, who "likely copied data into Excel/Notepad and then converted to PDF." Consequently, she asserted that the plaintiffs never received true, system-generated exports. Pasha further averred that several of the types of entries in the records that are required by an entity such as CureMD to obtain certification by the federal Office of the National Coordinator for Health Information Technology (ONC) were missing, including timestamps and the "Treatment Plan" components. In addition, she concluded that the chart-wide log indicated that, between June 1, 2023 and June 16, 2023, two new diagnoses were saved to the chart, along with 153 "Update" actions, while the note-level log omitted them, thus "falsely suggesting no changes occurred." Furthermore, Pasha asserted that the audit trail database contained typographical characters that she described as "gibberish," thus proving that the database was improperly exported via Notepad rather than as a usable log. She also stated that the CureMD documentation confirmed that provider's notes can be unsigned, as well as edited and re-signed, but that these latter types revisions were conspicuously missing from the logs. Pasha

805430/2023  PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL                         Page 4 of 10
  Motion No.  002 003

thus concluded that the audit trail production itself was not merely incomplete, but appeared to be affirmatively altered, inasmuch as metadata embedded in each file indicated irregularities that could not be attributed to system limitations or technical error, but instead reflected "deliberate manipulation or mishandling of native CureMD audit reports," thus undermining confidence in their integrity and raising serious concerns about spoliation. Pasha further opined that the relevant omissions "cannot be accidental" and were consistent with data removal or suppression at some point in the production chain, and, thus, recommended that the plaintiffs obtain regenerated reports directly from CureMD or that the court permit her to conduct a two-hour live inspection at CureMD's offices to capture the unaltered data.

In opposition to the plaintiffs' motion pending under Motion Sequence 002, the Chung defendants submitted affirmations from two of the attorneys representing Chung, a paralegal working for that firm, and from Chung herself. In his affirmation, Barry Vuiker, one of the attorneys representing Chung, explained how he obtained the audit trail and metadata from CureMD. Specifically, he asserted that his firm "did not alter any PDFs . . . [and] did not omit any required fields." He asserted that his firm

> "forwarded exactly what CureMD provided to us, saved in PDF form as is our office's custom and practice. If the audit trail material was missing timestamps, that is because that is how the material was sent to me. If plaintiff's office found the audit material given to them indecipherable, that is how the material was provided to us by CureMD. Plaintiffs' remedy is to take a deposition of CureMD. Plaintiff's attorney states that the material provided omitted required fields. We do not know what fields she is referring to, but that is of no matter since the material we provided is what we received from CureMD. It was not altered in anyway except to be saved as a PDF. No material we received was omitted from the audit trail."

In her affirmation, paralegal Monique Nelson asserted that Vuiker had requested that she email him the extracted audit trail and provider note log files that CureMD had provided to Vuiker in XLSX format, and the audit trail database file in RAR format, but that she did not have a program capable of opening the RAR file in its native format. She explained that she thus

805430/2023   PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL              Page 5 of 10
Motion No.  002 003

5 of 10

converted and saved all three files in PDF format, provided those converted files to Vuiker, and did not make any alterations to the files that she converted and saved.

Chung asserted in her affirmation that she had entered into a license with CureMD to use the electronic medical records software that it had developed. She explained that, although the relevant license and services agreement provided that any health information that she entered into CureMD's program remained her personal properly, it further provided that CureMD owned "all files, data, and other material and information" provided by its programs. In this respect, she asserted that she has no control or influence over CureMD, beyond the rights to the health information that she entered into CureMD's program. Chung further asserted that, prior to December 2024, she had no contact with CureMD with respect to Peck's records or computer audits of records, and that her only contact with it thereafter was with CureMD's Joe Martin and CureMD's attorney, Sean Williams. Chung expressly asserted that she did not have possession, custody, or control of any computer audit trail material, and that her own attempts in December 2024 and January 2025 to obtain them directly from CureMD were unsuccessful.

Inasmuch as the Chung defendants established that the only records responsive to this court's orders were the XLSX and RAR files that they received from CureMD, and the converted PDF versions of those records, which they already have provided to the plaintiffs, the only relief that the court can grant against the Chung defendants is to direct their attorneys to forward those XLSX and RAR files to the plaintiffs' attorneys without any conversion, and to direct the Chung defendants to render any assistance necessary to permit the plaintiffs to obtain the records directly from CureMD or accommodate an in-person inspection of the computer files by the plaintiffs' expert at CureMD's offices, such as providing necessary signatures, approvals, or authorizations. There are no other documents or computer files in the possession of the Chung defendants or their attorneys that they could be directed to provide to the plaintiffs. Hence, the plaintiffs' motion pending under Motion Sequence 002 is granted to the extent indicated, and is otherwise denied.

805430/2023   PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL
Motion No.  002 003

Page 6 of 10

6 of 10

As explained above, when a court has no jurisdiction over a nonparty, such as CureMD, it has no power to order relief against it (*see Dune Deck Owners Corp. v J.J. & P. Assoc. Corp.*, 85 AD3d 1091, 1092 [2d Dept 2011]; *Derezeas v New York Road Runners, Inc*., 2012 NY Slip Op 31201[U], *6, 2012 NY Misc LEXIS 2139, *7 [Sup Ct, N.Y. County, Apr. 23, 2012]). CureMD was never served with process, and was never served with a signed order to show cause directing them to appear for any purpose in this action. Hence, the court cannot order relief against it in connection with the plaintiffs' motions pending under either Motion Sequence 002 or 003, including any directive compelling it to permit Pasha to conduct an in-person inspection of relevant computer files.

Nonetheless, on February 19, 2026, the court issued a so-ordered subpoena addressed to CureMD, directing it to produce

> "a. Dr. Susie Chung's Provider Note Audit Log report for 2014-2023, including all recorded data points and revision-history detail before running the query;
>
> "b. Dr. Susie Chung's Extracted Audit Trail report, using a start date of 2014 instead of July 2019, including the exact time (not only date) of each action and revision-history; [and]
>
> "c. If revision-history detail cannot be added to the two audit-log reports, generate a separate content-revision-history report for 2014-2023; and produce the unedited native Excel file."

The subpoena further provided that these records include the treatment plan field, complete timestamp fields, unsigned/resigned note history, the user-ID fields identifying who performed each action, revision-history sequences for each office visit, and the note-level entries corresponding to the 153+ Update actions known to have occurred between June 1, 2023, and June 16, 2023. The subpoena further described the methods by which CureMD could comply with the subpoena. The issuance of this subpoena has thus rendered academic the relief sought by the plaintiffs' against CureMD in the motion pending under Motion Sequence 003 in connection with the production of documents and computer files.

805430/2023   PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL                Page 7 of 10
Motion No.  002 003

7 of 10

Because the most recent so-ordered subpoena did not set forth a return date by which CureMD would be required to comply with the subpoena, the court, on its own motion, determines that CureMD must comply with that subpoena on or before March 19, 2026, and directs the plaintiffs to serve a copy of this order with notice of entry upon CureMD by overnight delivery on or before March 2, 2026. Inasmuch as the subpoena did not direct to afford Pasha the right to access its computer files at its offices, and the court has no jurisdiction to grant that relief in connection with the two pending motions, those branches of the motions seeking to compel CureMD to provide Pasha with in-person access to those computer files is denied.

Pursuant to CPLR 3111 and 3122(d), the "reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery." If a court finds that a nonparty is required to produce information, including electronically-stored information (ESI), the "court should allocate the costs of this production to [the party seeking the discovery]" (*Tener v Cremer*, 89 AD3d 75, 82 [1st Dept 2011]). While specific reference to data-vendor costs is omitted from CPLR 3111 and 3122(d), research has revealed no decisional authority prohibiting the allocation of such fees or costs. Indeed, the Rules of the Commercial Division of the Supreme Court specifically allow for the allocation of such fees and costs "in accordance with Rules 3111 and 3122(d) of the CPLR" (22 NYCRR 202.70[g], Comm. Div. Rules, Appendix A, Guidelines for Discovery of Electronically Stored Information ("ESI") from Nonparties, V., A & B.). In light of the law governing the allocations of such expenses, as well as the plaintiffs' stipulation agreeing to bear the costs of such production, and the fact that the Chung defendants' conduct did not cause the plaintiffs to seek nonparty discovery, any such expenses incurred by CureMD in connection with its response to the so-ordered subpoena shall be borne by the plaintiffs.

The determination of these motions is without prejudice to renewal of the plaintiffs' request to compel CureMD to provide access to Pasha to conduct an in-person inspection of its

805430/2023   PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL
Motion No.  002 003

Page 8 of 10

8 of 10

relevant computer files, pursuant to a motion initiated by order to show cause, in which the court may direct the timing and means of service of the motion papers upon CureMD.

In light of the foregoing, it is,

ORDERED that the plaintiffs' motion to compel the defendants Susie Chung, M.D., and Susie Chung, M.D., P.C., to produce the complete provider note audit log referable to the medical records of the plaintiff Robert Peck from 2014 through 2023, in native Excel format, including all timestamps, revision history detail, and all chart components, a complete extracted audit trail for the same period in native Excel format, with timestamps and revision history, a content revision history report for all office visit notes from 2014 through 2023, and screenshots of the original source underlying the audit trail database file that had been produced on May 30, 2025, or, alternatively, to direct CureMD to provide the plaintiffs' expert with in-person access to those computer files for a two-hour inspection (MOT SEQ 002), is granted only to the extent that, on or before March 12, 2026, those defendants are directed to forward, to the plaintiffs' attorneys, the extracted audit trail and provider note log files in XLSX format, and the audit trail database file in RAR format, as initially forwarded by CureMD to those defendants' attorneys, and those defendants are directed to provide all assistance necessary to permit the plaintiffs to obtain appropriate records directly from CureMD pursuant to this court's February 19, 2026 so-ordered subpoena, such as any required authorizations or signatures, and that motion is otherwise denied; and it is further,

ORDERED that the plaintiffs' separate motion under Motion Sequence 002, incorrectly denominated as a cross motion, is denied as superseded by the motion submitted under Motion Sequence 003; and it is further,

ORDERED that the plaintiffs' motion to compel CureMD to generate a new, complete, unmodified provider note audit trail, a new, complete, unmodified extracted audit trail, and the corresponding content revision history, or, alternatively, authorizing a two-hour inspection of relevant metadata and computer files by their retained expert, and to compel Susie Chung,

805430/2023  PECK, ROBERT ET AL vs. CHUNG M.D., SUSIE ET AL
Page 9 of 10
Motion No.  002 003

9 of 10

M.D., and Susie Chung, M.D., P.C., to accept an amended affirmation from their expert (MOT SEQ 003), is granted only to the extent that those defendants are directed to accept the amended expert affirmation, and that motion is otherwise denied; and it is further,

ORDERED that, on or before March 2, 2026, the plaintiffs shall serve a copy of this order with notice of entry upon CureMD by overnight delivery, and shall file proof of service thereof, and CureMD thereupon shall respond to this court's February 19, 2026 so-ordered subpoena on or before March 16, 2026.

This constitutes the Decision and Order of the court.

| 2/26/2026 | | |
|---|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| MOTION 002: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| CROSS MOTION 002: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| MOTION 003: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |